PER CURIAM.
Appellant Alfred E. Grizzell has by letter, which we treat as a motion, requested this Court to direct the Clerk of the Criminal Court of Record for Duval County to furnish him certain itemized documents in that Court’s Case No. 63-1110-C and asserted that said clerk erroneously construed his notice of appeal by terming same as an appeal from an order denying; relief in a Criminal Rule No. 1 proceeding, when in fact said notice also encompassed an appeal from an order of the trial' judge denying his application for writ of error coram nobis and refusing to disqualify himself as judge. At the outset we note that said Case No. 63-1110-C was duly appealed by appellant to this Court and was eventually dismissed by administrative order for failure to prosecute. Having previously invoked this jurisdiction, the-movant’s petition seeking a writ of error coram nobis in the trial court was not cognizable by that court without his first obtaining authority from this Court to so proceed. Since the trial judge had no jurisdiction to act either upon the petition for *466 ■disqualification or upon the application for writ of error coram nobis, it necessarily follows that no appeal lies from such order.
We next consider movant’s motion for appointment of counsel. It appears that the remaining portion of the order appealed concerns a denial of relief pursuant to Criminal Procedure Rule No. 1. It is well settled that proceedings under that rule are civil in nature and that an indigent is not entitled, as a matter of right, to counsel on appeal from an order denying his motion to vacate. Movant’s motion for appointment of counsel is denied.
Finally, we consider movant’s motion requesting this Court to direct the Clerk of the Criminal Court of Record to furnish to him certified copies of the information, judgment and sentence, minutes of arraignment, trial transcript, motion for new trial, order denying new trial, motion to vacate judgment, order denying motion to vacate judgment, petition for writ of error coram nobis and affidavits, the state attorney’s motion on error coram nobis, order of denial, motion to disqualify judge, •order denying motion to disqualify judge, any and all motions filed pro se or by attorneys, and any and all orders, affidavits, and paper filed in Case No. 63-1110-C. Such voluminous directions to the Clerk are obviously outside the scope of an appeal in a Criminal Procedure Rule No. 1 case. Unless otherwise shown by the contents of the motion filed in the trial court, the appellant, for the purposes of appeal, is entitled only to a transcript of the proceedings relating to the collateral attack. Harris v. State, 161 So.2d 885 (Fla.App. 1st, 1964).
The clerk of the trial court is directed to furnish to appellant three copies of the transcript of the proceedings had on mov-ant’s motion for relief pursuant to the provisions of Criminal Procedure Rule No. 1; otherwise said motion is denied.
RAWLS, C. J., and STURGIS and JOHNSON, JJ., concur.