PER CURIAM.
Ray seeks release from the State Prison by an application for a writ of habeas corpus.
At 9:30 A.M., April 14, 1945, the petitioner was arraigned in the Criminal Court of Record for Orange County on Information #28734, which charged him with burglary, as follows:
“ * * * Did unlawfully break and enter, in the nighttime, a dwelling house, the property of J. A. Kinker, with intent to commit a felony therein, to wit: rape, with intent to unlawfully assault and have carnal intercourse against the will and consent of a female lawfully therein, to wit: Mrs. J. A. Kinker.”
After Mrs. Kinker testified for the state, Ray, without the assistance of counsel, pleaded guilty, was adjudged guilty and sentenced to life imprisonment. The court recessed at 10:00 A.M. and resumed session at 11:15 A.M. At this time, the judgment and sentence under Information #28734 was set aside upon oral motion by the prosecuting attorney for the state. Ray was then again arraigned under Information #28735, charging him with burglary and assault as follows:
“ * * * Did unlawfully break and enter, in the nighttime, a dwelling house, the property of J. A. Kinker, with intent to commit a felony therein, to wit: rape, with intent to unlawfully assault and have carnal intercourse against the will and consent of a female lawfully therein, to wit: Mildred Kinker; and the said defendant, Jetson Ray, while unlawfully therein, did unlawfully make an assault upon a person lawfully therein to wit: Mildred Kinker, by unlawfully placing his .hands upon the body and person of the said Mildred Kinker, thereby attacking, frightening, scaring, bruising and otherwise mistreating the said Mildred Kinker.”
Ray again pleaded guilty, without the assistance of counsel, was adjudged guilty and again was sentenced to life imprisonment. The Court then recessed at 11:30 A.M. On June 1, 1945, an order of Nolle Prosequi was entered on Information #28734 — the first conviction.
We issued a writ and required a return. After a full hearing on this matter, a court-appointed Commissioner, Circuit Judge Roger A. Barker, concluded that Ray, who was 18 years old at the time of the conviction, was not informed of his right to counsel, did not waive the right, and did not have the assistance of counsel at either trial. The findings and recommendations of the Commissioner are supported by the record. It becomes clear, therefore, under the retroactive application of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that Ray is entitled to a new trial. Furman v. State, 162 So.2d 308 (Fla.App. 1964); King v. State, 157 So.2d 440 (Fla. App.1963) ; Gideon v. Wainwright, 153 So. 2d 299 (Fla.1963).
Any subsequent trial of this petitioner on the charge described by Information #28735 will be subject to any defenses available to the accused at the time of his original trial on this information in the light of his prior conviction under Information #28734 which was vacated on the State’s motion and subsequently nol-prossed.
The judgment of conviction under aforesaid Information #28735, pursuant to which this petitioner is presently incarcerated, is hereby set aside but the petitioner is remanded to the custody of the respondent with directions to return him to the custody of the Sheriff of Orange County, Florida and there to await proper and prompt dis *531 position of the charge which remains pending under the last-numbered information.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and O’CONNELL, JJ., concur.