231 So.2d 813 (1969)
Jetson RAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 38760.
Supreme Court of Florida.
December 10, 1969.
Rehearing Denied January 20, 1970.
*814 Jetson Ray, in pro. per.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
ERVIN, Chief Justice.
Petitioner Ray seeks release from the State Prison by application for a writ of habeas corpus.
The factual background of the present controversy is set forth in this Court's opinion in Ray v. State (1967), 200 So.2d 529. The following is a summary of the critical facts established in that decision: Petitioner was arraigned in the Orange County Criminal Court of Record on April 14, 1945, on Information No. 28734, which charged him with burglary. After a witness, Mrs. Kinker, testified for the State, Petitioner, without the assistance of counsel, pleaded guilty, was adjudged guilty and sentenced to life imprisonment. After a short recess, the judgment and sentence under Information No. 28734 was set aside upon oral motion by the prosecuting attorney for the State. Petitioner was then again arraigned, this time under Information No. 28735, charging him with burglary and assault arising out of the identical transaction which formed the predicate for the charge set forth in the first information. Petitioner again pleaded guilty without the assistance of counsel, was adjudged guilty and again was sentenced to life imprisonment. On June 1, 1945, an order of nolle prosequi was entered on Information No. 28734, the information on which the first conviction was based. It is not precisely clear from the record as to the prosecuting attorney's motive for attempting to nol-pros proceedings under the first information, but from the allegations set forth in the petition, presumably the burglary charge contained in the first information would not sustain a life imprisonment sentence.
In the first Ray case, we set aside the conviction on Information No. 28735 and ordered a new trial on the basis Ray was not informed of his right to counsel and did not have the assistance of counsel as required by the retroactive application of Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. However, we noted therein that the facts established by the Commissioner's findings attributed the defect of failure to afford counsel to proceedings under both informations. In issuing our mandate in that case, we made the following observation:
"Any subsequent trial of this petitioner on the charge described by Information #28735 will be subject to any defenses available to the accused at the time of his original trial on this information in the light of his prior conviction under Information #28734 which was vacated on the State's motion and subsequently nolprossed." (200 So.2d at 530.)
Subsequent to the issuance of our mandate in Ray v. State, supra, Petitioner was retried on the charge set out in Information No. 28735. Trial was held in the Orange County Criminal Court of Record on January 17 and 18, 1968. The jury returned a verdict of guilty as charged and Petitioner was adjudged guilty by the court and sentenced to life imprisonment. Petitioner appealed his conviction to the District Court of Appeal, Fourth District, and that court affirmed the conviction in a per curiam decision. See 222 So.2d 498.
Prior to retrial on the merits, Petitioner's court-appointed counsel filed a motion to quash on the basis former jeopardy attached when Petitioner's guilty plea was accepted to the charge set out in Information No. 28734 and the subsequent attempt by the State to set aside this information and try Petitioner on the charge contained in Information No. 28735 violated the prohibition against double jeopardy. See U.S. Const., Amendments; Fla. Const. 1885, Declaration of Rights, Section 12, F.S.A.
This jurisdiction adheres to the general rule that a plea of guilty entered to a valid criminal charge in either an indictment *815 or information in a court of competent jurisdiction does, upon acceptance, raise the bar of former jeopardy against another prosecution for an offense based on the same transaction. See Reyes v. Kelly (Fla.App. 1967), 204 So.2d 534, reversed on other grounds, Fla., 224 So.2d 303. There can hardly be any dispute in the present case that a single transaction precipitated the charges set forth in both informations. Hence, under the general rule the State's attempt to nol-pros Petitioner's conviction under the first information and prosecute him anew under the second information constitutes a brutum fulmen. See Reyes v. Kelly, 224 So.2d 303.
The State in its return does not challenge the general rules stated above. Rather, the thrust of the State's return is that
"* * * if [Petitioner] had the right to invoke the retrospective Gideon rule in order to have his judgment and sentence vacated, then we [State] can also invoke and rely on that retrospective Gideon rule to vitiate the prior proceeding on information #28734 so that the same cannot under the applicable rules of law be made the basis for a defense of former jeopardy."
The State's contention falls wide of the mark. While we acknowledge and adhere to the principle that a plea of former jeopardy cannot be based on void proceedings, we are aware of no commanding authority to the effect that the State's failure to afford the assistance of counsel in cases such as the present renders the proceedings void at the behest of the State, as opposed to voidable only upon proper challenge by the accused. Cf., Tilghman v. Mayo (Fla. 1955), 82 So.2d 136; Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. In cases involving guilty pleas it is entirely possible and probable that an accused may be content with his adjudication of guilt and the sentence imposed, even though not afforded or advised of his right to counsel when the plea was entered. We cannot countenance a proposition which under such circumstances would virtually allow the State, on its own prerogative, to have the proceedings declared a nullity, preserving for the State the right to again try the accused for the same offense, or an offense predicated on the same transaction.
In reaching this conclusion we do not disparage or depart from the well-settled rule that a retrial of an accused whose conviction is set aside for error in the proceedings leading to conviction is not barred by double jeopardy. See United States v. Tateo (1964), 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 holding retrial permissible where the original conviction was defective because of involuntary guilty plea. However, an application of this rule is subject to the axiom that the accused can only be retried for the offense of which he was convicted. See Green v. United States (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119.
Absent any consideration of former jeopardy attaching to the proceedings against Petitioner under the first information, there would be no reason to bar the State from retrying Petitioner for the offense charged in the second information pursuant to our mandate in the first Ray case. However, this is simply not the situation involved here as we conclude jeopardy attached to proceedings under the first information so as to bar the State from prosecuting Petitioner under the charge contained in the second information. The bar of former jeopardy of course extends as well to the 1968 retrial of Petitioner for the offense charged in the second information.
This brings us to the disposition to be accorded. We do not understand our mandate in the first Ray case to set aside the judgment of conviction and sentence imposed on Petitioner pursuant to the first information. Since our decision herein renders the State's attempt to nol-pros proceedings under the first information and prosecute Petitioner under the second information *816 a mere brutum fulmen, Petitioner's present status is governed by the action taken by the trial court with regard to his plea of guilty to the first information, i.e., he now stands convicted and sentenced to life imprisonment pursuant to proceedings under the first information. However, we direct that any questions concerning the legality of the life imprisonment sentence imposed in the proceedings pursuant to the first information should be inquired into forthwith by the Criminal Court of Record of Orange County, Florida, and that Court should establish whether any lawful sentence which might have been imposed under this information in 1945 has been satisfied by Petitioner's record of confinement. If so, Petitioner should be discharged forthwith.
To recapitulate, we hold:
1. That pursuant to the rationale of our decision in Reyes v. Kelly, supra, the judgment of conviction and sentence of Petitioner in 1968 under the second information (#28735) is set aside because of obvious double jeopardy.
2. That pursuant to the rationale of our decision in Reyes v. Kelly, supra, the judgment of conviction of Petitioner in 1945 under the first information (#28734) is reinstated because the attempted nolle prosequi of the State after judgment and after jeopardy had attached was a mere brutum fulmen.
3. That such judgment of conviction and life sentence under Information No. 28734 shall be subject forthwith to a determination whether a sentence for a term of years rather than a life sentence should have been imposed under the first information; and, if so, such sentence shall be subject to credit for time served.
It is so ordered.
ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.