406 So.2d 116 (1981)
Robert L. BELLCASE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-807.
District Court of Appeal of Florida, Fifth District.
November 25, 1981.
*117 Robert L. Bellcase, pro se.
No appearance for appellee.
ORFINGER, Judge.
Appellant contends that the trial court erred in denying his motion for post-conviction relief, because appellant was not "a prisoner in custody" as required by Florida Rules of Criminal Procedure 3.850.[1] The record before us makes it appear that after conviction, appellant was placed on probation for five years upon condition that he serve eleven months and thirty days in jail, and that he is no longer incarcerated.
The language of the rule is specific and clear. Only a "prisoner in custody under sentence" may apply for relief under this rule. Petitioner is not in "custody" nor has he been "sentenced,"[2] thus he has no standing under this rule. Weir v. State, 319 So.2d 80 (Fla.2d DCA 1975).
The judgment is AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.850: A prisoner in custody under sentence of a court established by the laws of Florida ... may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.
[2] Under Florida Rule of Criminal Procedure 3.790, imposition of sentence is not made upon a defendant who is to be placed on probation. Neither does incarceration as a condition of probation constitute a "sentence." Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980).