508 So.2d 457 (1987)
Wilbert E. BOLYEA, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2694.
District Court of Appeal of Florida, Second District.
May 27, 1987.
*458 James Marion Moorman, Public Defender, and Joseph Eugene Perrin and Paul C. Helm, Asst. Public Defenders, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
This is an appeal from an order which struck appellant's motion for postconviction relief on the basis that appellant was no longer "in custody," as required by Florida Rule of Criminal Procedure 3.850. For the reasons stated below, we reverse.
On June 29, 1983, a jury found appellant guilty of practicing dentistry without a license. On November 21, 1983, appellant was placed on probation with the condition that he serve 364 days in the county jail. Appellant filed a motion for postconviction relief on September 6, 1984, which the trial court summarily denied. On appeal, this court reversed that denial and remanded the case to the trial court with directions to either again summarily deny the motion and attach those portions of the record which showed that appellant was not entitled to relief, or to hold an evidentiary hearing. Bolyea v. State, 473 So.2d 817 (Fla. 2d DCA 1985).
At the November 4, 1985, hearing on appellant's motion, the state made a motion to strike appellant's motion for postconviction relief on the ground that appellant was no longer "in custody" for purposes of rule 3.850. The trial court granted the state's motion, and appellant timely appealed.
We first observe that in determining whether appellant was "in custody" for purposes of rule 3.850, the trial court should have considered appellant's status at the time he initially filed the motion, rather than his status at the time of the hearing after remand. See Laytner v. State, 239 So.2d 857 (Fla. 3d DCA 1970). It appears from the record that appellant was serving his condition of probation in the county jail when he initially filed the motion. At the time of the hearing following remand from this court, appellant was on probation, but no longer in jail. Although it is not clear from the record at what time the trial court considered appellant not to be "in custody," we hold that for purposes of a rule 3.850 motion for postconviction relief, appellant was at all times "in custody."
The state relies on Bellcase v. State, 406 So.2d 116 (Fla. 5th DCA 1981), pet. for rev. denied, 417 So.2d 328 (Fla. 1982), in which the fifth district held that an appellant who was placed on probation upon the condition that he serve time in county jail, but who was no longer incarcerated, did not have standing to seek relief under rule 3.850. See also Decker v. State, 476 So.2d 330 (Fla. 4th DCA 1985) (probationer lacks standing to seek rule 3.850 relief); Ferguson v. Stone, 415 So.2d 98 (Fla. 4th DCA 1982) (probationer unable to seek postconviction relief; therefore, remedy is writ of certiorari). In Bellcase the court stated, "Petitioner is not in `custody' nor has he been `sentenced,' [footnote omitted] thus he has no standing[,]" and cited Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975). The movant in Weir, however, was not a probationer and had completed his sentence of imprisonment more than thirty years before filing his rule 3.850 motion. Id.
The Bellcase court further reasoned in a footnote that:
Under Florida Rule of Criminal Procedure 3.790, imposition of sentence is not made upon a defendant who is to be placed on probation. Neither does incarceration as a condition of probation constitute a "sentence." Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980).
406 So.2d at 117 n. 2. Rule 3.790(a), however, provides in pertinent part: "Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation... ." (Emphasis added.) But see § 948.01(3), Fla. Stat. (1985) (when court places defendant on probation it shall withhold imposition of sentence). Additionally, after Bellcase and Ferguson were decided, the legislature superseded the supreme court's decision in Villery that incarceration *459 as a condition of probation does not constitute a sentence for the limited purpose of parole eligibility under section 947.16(1), Florida Statutes (1979). Ch. 83-131, § 13, Laws of Fla. (currently codified at § 948.01(8), Fla. Stat. (1985)); Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1985).
Further, we find the rationale in Rita v. State, 470 So.2d 80 (Fla. 1st DCA), pet. for rev. denied, 480 So.2d 1296 (Fla. 1985), more persuasive. In Rita the first district stated:
[Rule 3.850] has the same scope as the common law writ of habeas corpus. Gideon v. Wainwright, 153 So.2d 299, 300 (Fla. 1963). The meaning of "custody" as used in rule 3.850 is the same as that applied to determine the right or standing of a person to petition for a writ of habeas corpus. State v. Barber, 301 So.2d 7 (Fla. 1974). It has long been recognized that a person serving probation is sufficiently restrained in his liberty to have standing to seek review of the validity of his conviction in a habeas corpus proceeding. Ex Parte Bosso, 41 So.2d 322 (Fla. 1949). In this instance Rita was being restrained in jail pursuant to the order of probation and awaiting a hearing on revocation. Surely he was then being restrained in custody just as much as if he were serving the thirty days in jail imposed as a condition of probation under the so-called split sentence authorized by sections 948.01.03, Florida Statutes. The appellate courts of this state have been routinely reviewing the denial of rule 3.850 motions filed by persons in custody under a split sentence imposing imprisonment and probation. [Citations omitted.] Discerning no substantial reason for distinguishing between being a prisoner in custody while awaiting a revocation hearing and a prisoner in custody to fulfill a condition of probation, we conclude that Rita had standing to make his 3.850 motion in this instance.
Id. at 82.
Although the court in Rita only decided that a probationer who was incarcerated as a condition of probation had standing to file a rule 3.850 motion, we conclude the rationale in that case is equally applicable to a probationer who is not incarcerated. Accordingly, we hold that a probationer, whether or not incarcerated as a condition of probation, is "in custody" for purposes of rule 3.850 and may seek postconviction relief pursuant to that rule. To hold otherwise, as the fourth and fifth districts have, would preclude a probationer from ever collaterally attacking his or her judgment or "sentence," except via a petition for writ of certiorari with its concomitant greater burden of proof. This is especially of concern for probationers since in the majority of cases, rule 3.850 requires the filing of a motion for postconviction relief within two years after the judgment and sentence become final. Because our holding is contrary to Bellcase, Ferguson, and Decker, we certify that we are in conflict.
The denial of appellant's motion for postconviction relief is reversed and remanded to the trial court for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and HALL, J., concur.