520 So.2d 562 (1988)
STATE of Florida, Petitioner,
v.
Wilbert E. BOLYEA, Respondent.
No. 70720.
Supreme Court of Florida.
February 18, 1988.
Robert A. Butterworth, Atty. Gen., and Kim W. Munch, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Chief, Appellate Division, Tenth Judicial Circuit, Bartow, for respondent.
BARKETT, Justice.
We have for review Bolyea v. State, 508 So.2d 457 (Fla. 2d DCA 1987), based on certified direct conflict with Decker v. State, 476 So.2d 330 (Fla. 4th DCA 1985), Ferguson v. Stone, 415 So.2d 98 (Fla. 4th DCA 1982), and Bellcase v. State, 406 So.2d 116 (Fla. 5th DCA 1981), review denied, 417 So.2d 328 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The sole issue presented is whether court-ordered probation in and of itself constitutes "custody under sentence" for purposes of Rule 3.850.[1] For the reasons expressed below, we hold that it does, and approve the decision below.
On June 29, 1983, a jury found respondent guilty of practicing dentistry without a license. On November 21, 1983, respondent was ordered to serve five years' probation with the condition that he serve 364 days in the county jail. On September 6, 1984, respondent filed a motion for postconviction relief alleging ineffective assistance of counsel, which the trial court summarily denied. On appeal, the Second District reversed and remanded with directions either to attach those portions of the record showing respondent was not entitled to relief or to hold an evidentiary hearing. Bolyea v. State, 473 So.2d 817 (Fla. 2d DCA 1985).
At the hearing on remand held November 4, 1985, the state moved to strike respondent's *563 motion for postconviction relief on grounds that respondent no longer was "in custody" for purposes of Rule 3.850 because he no longer was in jail. The trial court granted the state's motion, and respondent timely appealed.
The Second District held that a probationer, whether or not incarcerated as a condition of probation, is in "custody" for purposes of Rule 3.850; and the district court again remanded for an appropriate hearing. 508 So.2d at 459.
We note initially that the state concedes that respondent is entitled to seek habeas relief under Ex parte Bosso, 41 So.2d 322 (Fla. 1949). Because Rule 3.850 is a procedural vehicle for the collateral remedy otherwise available by writ of habeas corpus, we find that respondent plainly has standing to seek the relief requested. As we stated in Roy v. Wainwright, 151 So.2d 825, 828 (Fla. 1963),
[t]he rule is intended to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack.
(Emphasis added). Indeed, the rule was designed to simplify the process of collateral review and prescribe both a fact-finding function in the lower courts and a uniform method of appellate review, State v. Wooden, 246 So.2d 755, 756 (Fla. 1971), not to modify the remedy available at common law.
We find nothing in the relevant authorities to support the state's argument that probationers are barred from the relief requested. Rule 3.850 was taken nearly word-for-word from the federal habeas corpus statute, 28 U.S.C. § 2255 (1961),[2]see Roy, 151 So.2d at 828, and we plainly have given the rule the same broad scope as its federal counterpart. Moreover, we explicitly have recognized federal precedent interpreting 28 U.S.C. § 2255 as persuasive authority in construing Rule 3.850. Id. Accord Archer v. State, 166 So.2d 163, 164 (Fla.2d DCA 1964).
The United States Supreme Court prior to Roy clearly had ruled that the remedy afforded by 28 U.S.C. § 2255 was at least as broad as that afforded by the common law writ of habeas corpus:
[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus.

Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (emphasis added). Accord Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). We have reached the same conclusion about Rule 3.850. Gideon v. Wainwright, 153 So.2d 299, 300 (Fla. 1963). Accord Rita v. State, 470 So.2d 80, 82 (Fla. 1st DCA), review denied, 480 So.2d 1296 (Fla. 1985).
We note that the lower federal courts generally have agreed that probation could entitle a petitioner to relief under the federal counterpart of Rule 3.850. As stated in United States v. Washington, 341 F.2d 277, 280 (3d Cir.), cert. denied sub nom. *564 DeGregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965),
[probation] was sufficient "custody" to enable [appellant] to seek relief under § 2255. The remedy under that section is as broad as it is under habeas corpus.
(Citations omitted.) Accord Wright v. United States, 732 F.2d 1048, 1050 n. 1 (2d Cir.1984), cert. denied, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985); United States v. Condit, 621 F.2d 1096, 1098 (10th Cir.1980); United States v. Loschiavo, 531 F.2d 659, 662 (2d Cir.1976); Ohrynowicz v. United States, 542 F.2d 715, 717 n. 3 (7th Cir.), cert. denied, 429 U.S. 1027, 97 S.Ct. 650, 50 L.Ed.2d 630 (1976); Porth v. Templar, 453 F.2d 330, 332-33 (10th Cir.1971). See United States v. Hearst, 638 F.2d 1190, 1192 & n. 1 (9th Cir.1980), cert. denied, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).
Thus, since respondent clearly is entitled to relief by habeas corpus, Rule 3.850 is an appropriate vehicle for him to challenge his conviction or sentence. In so holding, we reaffirm the long-standing policy of this state, expressed in article I, section 13 of its constitution and implemented by statute, section 79.01, Florida Statutes (1985), that habeas relief shall be freely grantable of right to those unlawfully deprived of their liberty in any degree.
The decision below is approved. To the extent they are inconsistent with this opinion, Decker v. State, 476 So.2d 330 (Fla. 4th DCA 1985), Ferguson v. Stone, 415 So.2d 98 (Fla. 4th DCA 1982), and Bellcase v. State, 406 So.2d 116 (Fla. 5th DCA 1981), are disapproved.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Rule 3.850 states in pertinent part:

A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence... . .
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
The current Rule 3.850 was promulgated as Criminal Procedure Rule No. 1. Roy v. Wainwright, 151 So.2d 825 (Fla. 1963). In its essential elements, the Rule has remained substantially unchanged since this time.
[2] In pertinent part, 28 U.S.C. § 2255 (1961), provided:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
... .
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.