## STATE OF FLORIDA v BAKER
### Case No. 86-1292CF10A
Seventeenth Judicial Circuit, Broward County

July 17, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Mel Black,** for defendant.

### OPINION OF THE COURT

*ORDER DENYING MOTION FOR POST-CONVICTION RELIEF*

THIS CAUSE was considered by the Court upon the Defendant's Motion for Post-Conviction Relief.

HEARING on the Motion was held in open court June 9, 1989.

THE COURT having considered the grounds for the Motion, heard argument of counsel, read the various Memorandum of Law filed by both parties and considered the applicable law finds as follows:

Defendant filed his Motion August 9, 1988, while in prison. Defendant was released from prison August 29, 1988. He was further released from any supervision or restraints on his liberty in October, 1988.

The State for reasons unknown, but unintentional and not dilatory, did not file a response until March 27, 1989.

On June 9, 1989, a hearing took place to afford counsel the opportunity to argue why the Defendant should be granted an evidentiary hearing when all formal restraints were lifted from him since October, 1988, even though he filed the Motion while in prison.

Defendant cites to *Maleng v Cook,* 3 FLW Fed. S373 (5/14/89) to indicate that he is entitled to an evidentiary hearing. However, that case dealt with habeas corpus relief. In the Author's COmment to *R.3.850* at p. 346, F.S.A. (1987), it is clearly stated that a motion for post-conviction relief is a "condition precedent to habeas corpus relief." Moreover, the relief sought is only to test the legality of *detention* and as stated before, the Defendant is not being detained in any manner.

The pertinent language of Fla.R.Crim.P. 3.850 states that "[a] prisoner *in custody* under sentence of a court established by the laws of Florida *claiming the right to be released . . .* may move the court . . ." for various remedies (emphasis added). While it is true that the Defendant filed his Motion while in custody, at present he is not under "any form of . . . incarceration," which is a prerequisite to seeking collateral relief under R. 3.850. *State v Lasley,* 513 So.2d 11372 at 1373 (2d DCA 1987). The Defendant urges this Court to adopt the rationale of *Bolyea v State,* 508 So.2d 457 at 458 (2d DCA 1987), where the court held that the "trial court should [consider] appellant's status at the time he initially filed the motion, rather than his status at the time of the hearing." However, that case is distinguishable in that *Bolyea* was on probation when those merits were heard, whereas, in the case at bar, the Defendant has no legal constraints on him. Additionally, the Defendant cannot "claim the right to be released." As succinctly stated in *Johnson v State,* 184 So.2d 161, *reh'g* 184 So.2d 466 (Fla. 1966) a Defendant is not entitled to relief [under Rule 1, now Rule 3.850] unless he is able to show that he would be released from custody if his motion were granted. *Johnson* at 163. Consequently, since Baker is already released from all forms of custody, he is without relief under R. 3.850.

Even so, the Defendant is not without remedy as to any residual impediments of conviction. He may seek restoration of his civil rights under F.S. § 940.05 and/or a pardon from the Governor pursuant to the Florida Constitution Article IV, Section 8 and F.S. § 940.01.

WHEREFORE, based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Post-Conviction Relief is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 1989.