# JUNKER v STATE OF FLORIDA
## Case No. 87-21 AC
Seventeenth Judicial Circuit, Broward County
August 17, 1989

### APPEARANCES OF COUNSEL

**John George,** for appellant.
**Carolyn McCann,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT TYSON, JR., Circuit Judge.

THIS CAUSE comes before the Court upon appeal of an order entered by the trial court denying the Appellant, Frederick Junker, a Petition for a Writ of Coram Nobis. For the reasons stated below, the trial court's order is affirmed.

In the trial court, the appellant appealed from the denial of a writ of coram nobis. After formal hearing held on February 27, 1989 the writ was denied. Said denial is the subject of this appeal.

At the trial court level, the appellant plead guilty to driving while intoxicated and was then placed on probation. Thereafter the defendant

was charged with a violation of probation and proceeded to attack the legality of the change of plea. A plea colloquy pursuant to *Fla. Rule of Crim Pro. 3.172* must be conducted under certain guidelines. The attack of the plea was first addressed by a 3.850 motion but was then treated as a writ of coram nobis at the appellant's request.

The function of a writ of coram nobis is to correct errors of fact not law. These facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment. *Hallman v State,* 371 So.2d 482 (Fla. 1979).

Clearly, the appellant herein is complaining of errors of law rather than errors of fact which are the proper subject of inquiry under a writ of coram nobis. As such, the trial court was correct in denying the appellant's writ as an improper vehicle for relief.

It is observed by this Court that a 3.850 motion is the proper vehicle to utilize in attacking appellant's conviction by the trial court. The Supreme Court stated in *Richardson v State,* 14 FLW 318 (Fla. 1989) that the 3.850 motion has in fact supplanted the writ of coram nobis.

This Court recognizes that a 3.850 motion may not have been available to the appellant at the time he filed because the appellant was not "in custody" as is required. However, since then, a person under probation is now considered to be in custody. See, *Boleya v State,* 508 So.2d 457 (Fla. 1DCA 1987). This Court however declines to treat the instant case as an appeal from the denial of a 3.850 motion for post conviction relief where the Appellant expressly abandoned that motion in the trial court.

Based on the foregoing the trial court's order denying the writ of coram nobis is hereby affirmed. The case is to be returned to the trial court level for any further proceedings.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Order denying the Writ of Coram Nobis is, AFFIRMED.

DONE AND ORDERED in Chambers at the Broward County COurthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 17th day of August, 1989.