571 So.2d 78 (1990)
Vincent F. GALLO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2035.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
Bradley R. Stark, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant/Defendant/Gallo ("Gallo") appeals the trial court's dismissal of Gallo's motion for postconviction relief, pursuant to Fla.R.Crim.P. 3.850. For the following reasons, we reverse the trial court's denial of Gallo's motion for postconviction relief and remand this case to the trial court for proceedings consistent with this opinion.
The trial court denied Gallo's motion for postconviction relief for two reasons. First, the trial court dismissed the motion because even though Gallo was in custody at the time the motion was filed, he was no *79 longer in custody at the time of the hearing on the motion. In Bolyea v. State, 508 So.2d 457 (Fla. 2d DCA 1987), aff'd on other grounds, 520 So.2d 562 (Fla. 1988), our sister court stated:
We first observe that in determining whether appellant was "in custody" for purposes of rule 3.850, the trial court should have considered appellant's status at the time he initially filed the motion, rather than his status at the time of the hearing after remand (emphasis added).
508 So.2d at 458. Additionally, in affirming the denial of the defendant's motion for post conviction relief in Levoyant v. State, 561 So.2d 343 (Fla. 2d DCA 1990), the court stated:
... there was no showing that as a result thereof he continued to be held in state custody and was in such custody at the time his 3.850 motion was filed (emphasis added).
561 So.2d at 344. Thus, based on Bolyea and Levoyant, we conclude that since Gallo was in custody at the time his motion for postconviction relief was filed, the trial court erred in dismissing his motion.
Second, the trial court dismissed Gallo's motion for postconviction relief concluding that the motion was untimely because it was filed more than two years after this court affirmed Gallo's conviction with an opinion certifying a question to the Florida Supreme Court. See Gallo v. State, 472 So.2d 491 (Fla. 4th DCA 1985). However, we conclude that the motion was timely because it was filed within two years after the Florida Supreme Court issued its mandate answering the certified question of great public importance from this court. See Gallo v. State, 491 So.2d 541 (Fla. 1986). In discussing when a judgment and sentence become final for purposes of rule 3.850, the court in Ward v. Dugger, 508 So.2d 778 (Fla. 3d DCA 1987), stated:
... We recognize that proceedings seeking direct review of a conviction and sentence may well take most or all of the two years permitted by the rule, especially when there is affirmance on appeal and discretionary review is sought in the Florida Supreme Court ... We therefore conclude that the judgment and sentence "become final" for purposes of Rule 3.850 when any such direct review proceeding have concluded and jurisdiction to entertain a motion for postconviction relief returns to the sentencing court.
508 So.2d at 779.
Direct review of the instant case was not completed until the Florida Supreme Court issued its mandate answering the certified question of great public importance. Therefore, Gallo's motion for postconviction relief was timely filed since it was filed within two years from the time the Florida Supreme Court issued its mandate.
Accordingly, we reverse the trial court's denial of Gallo's motion for postconviction relief, and remand this case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD, GUNTHER and WARNER, JJ., concur.