PER CURIAM.
In Wood v. State, 750 So.2d 592, 595-97 (Fla.1999), this Court adopted an amendment to Florida Rule of Criminal Procedure 3.850, deleting the “in custody” requirement of the former rule. We also asked the Criminal Procedure Rules Committee of The Florida Bar to consider the amendment and invited interested parties to submit comments on the amendment. The Committee and an assistant state attorney filed comments. .First, an assistant state attorney submitted a comment stating:
It would be my suggestion that the term “convicted” and “sentenced” in newly amended Rule 3.850(a) be defined to reflect whether an adjudication withheld and probationary term imposed by the trial court would be covered by the newly amended rule.
Second, the Criminal Procedure Rules Committee commented that it was
concerned with the definition of the terms “convicted” and “judgment” within rule 3.850. Specifically, does the term “convicted” mean one who has been adjudicated guilty, or simply one who has been sentenced regardless of adjudication. Accordingly, these terms should be defined.
In light of these comments, the Court asked the committee to review the amendment further. The committee now suggests the following amendment, in pertinent part:
(a) Grounds for Motion. A person convicted and sentenced, whether — noncustodial or in ■custody — under sentence ofThe following grounds may be claims for relief from judgment or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere and has been sentenced by a court established by the laws of Florida:, claiming-the right to be relieved of judgment-or- released from custody on-grounds-that....
The Bar explained: “By this amendment, which no longer uses the term ‘conviction,’ the committee seeks to obviate confusion and to clarify the scope of subdivision (a).”
By making the proposed rule applicable to those seeking relief from “judgments” and “release from custody” the rule not only avoids the various definitions of “conviction,” but makes the rule open to defendants who have been adjudicated guilty and defendants who have had their adjudication withheld and have been placed on probation. See § 948.01(2), Fla. Stat. (1999).[1] Therefore, the Court approves the proposed rule change as modified.
*1291 The Court strikes the specific proposed language: “and has been sentenced by.” This language is stricken because a defendant who has had his or her adjudication withheld and has been placed on probation is not “sentenced” under the Florida Statutes. See § 948.01(2), Fla. Stat. (1999);[2] Fla. R.Crim. P. 3.700(a)(“The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudicated guilty.”). Thus, the language places a limitation on the scope of persons who can rightfully seek relief under the rule.
Based on the foregoing, the Court amends rule 3.850(a) to provide as follows: [3]
(a) Grounds for Motion. A person convicted and sentenced, whether noncustodial or in custody under sentence ofThe following grounds may be claims for relief from judgment or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere before a court established by the laws of Florida:? claiming-the right to be relieved of judg-
ment — ea?—released—from—custody—e» ground that
(1) The judgment was entered or that tbe-sentence was imposed in violation of the Constitution or laws of the United States or ef-the State of Florida — that
(2) The court was without did not have jurisdiction to enter the judg-menter-
(3) The court did not have jurisdiction to impose the sentence.5-tha£
(4) The sentence was in excess of exceeded the maximum authorized by law.? til Sit
(5) The plea was given--involuntarily, or that involuntary.
(6) The judgment or sentence is otherwise subject to collateral attack may move, in the court-that entered the judgment or imposed the sentence to vacate, set aside, or correct — the- judgment or sentence.
We emphasize that this amendment pertains only to section (a) and that sections *1292 (b) through (h) remain unchanged. The amendment shall become effective immediately upon publication.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. Prior to the deletion of the "in custody” requirement under rule 3.850, defendants who were on probation were considered "in custody” and therefore eligible for relief through the rule. In State v. Bolyea, 520 So.2d 562 (Fla.1988), this Court addressed the issue of "whether court-ordered probation in and of itself constitutes 'custody under sentence’ for purposes of Rule 3.850.” Id. at 562. In that case, the defendant had completed a jail term that was a condition of
probation and filed a rule 3.850 motion while still on probation yet free of incarceration. See id. The State moved to strike the defendant's motion since he was no longer "in custody.” Id. at 562-63. The trial court granted the State’s motion but the district court reversed. On review here, this Court held that a defendant on probation has standing to file a rule 3.850 motion. See id. at 563. The Court explained that:
*1291 We note initially that the state concedes that respondent is entitled to seek habeas relief under Ex parte Bosso, 41 So.2d 322 (Fla.1949). Because Rule 3.850 is a procedural vehicle for the collateral remedy otherwise available by writ of habeas corpus, we find that respondent plainly has standing to seek the relief requested. As we stated in Roy v. Wainwright, 151 So.2d 825, 828 (Fla.1963),
[t]he rule is intended to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack.
(Emphasis added). Indeed, the rule was designed to simplify the process of collateral review and prescribe both a fact-finding function in the lower courts and a uniform method of appellate review, State v. Wooden. 246 So.2d 755, 756 (Fla.1971), not to modify the remedy available at common law.
Id. The Court also expressly found nothing in the relevant Florida authorities to support the State’s claim that a probationer was barred from relying on rule 3.850 and noted that federal courts agreed that a probationer was entitled to seek relief under the federal counterpart to rule 3.850. See id. The Court also explained that the inclusion of probationers under rule 3.850 was in line with Florida’s policy that "habeas relief shall freely be grant-able of right to those unlawfully deprived of their liberty in any degree." Id. at 564 (emphasis added); see art. I, § 13, Fla. Const.

. The statute provides:
(2) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.
§ 948.01(2), Fla. Stat. (1999)(emphasis added).

. Additions are indicated by underlining and deletions are indicated by strike-through type.