350    SUPREME COURT OF FLORIDA.

Farm. Un. Wareh'se Co. v. Wells—Opinion of Court.

FARMERS UNION WAREHOUSE COMPANY, *Plaintiff in Error,*
v. T. L. WELLS & BROTHERS, *Defendants in Error.*

### Opinion Filed April 1, 1913.

1. Where the plaintiffs below in one count of their declaration allege the existence of a mortgage as a part of their case, and the sufficiency of such count is not tested by demurrer or otherwise, but defendant rested its defence on a plea denying the facts set up in the count, the defendant is in no condition to object to the introduction of the mortgage in evidence on the grounds of its immateriality or irrelevancy.

2. Where a mortgage embraces all the personal property of the mortgagor owned by him when it was executed "and also the full cut of the mill pine and cypress," such language is too vague and general to be good as to third parties as a lien on lumber cut after the mortgage was executed.

3. The plaintiff has the right to introduce evidence to prove the allegation of his declaration on which issue has been joined.

4. A widow as such has no authority to turn over the assets of her deceased husband's estate to one of her husband's creditors, and in a suit by such creditor against a third party for the value of lumber so turned over by the widow, such third party is not prohibited by Section 1505, Gen. Stats. of 1906, from testifying that he bought the lumber from the deceased husband and paid him for it.

Writ of error to the Circuit Court for Jackson County.

Judgement reversed.

*Paul Carter,* for Plaintiff in Error;

*C. L. Wilson,* for Defendants in Error.

HOCKER, J.—T. L. Wells, A. L. Wells and W. O. Wells, copartners under the firm name and style of T. L. Wells

& Brothers, sued the Farmers Union Warehouse Company, a corporation, in the Circuit Court of Jackson County in an action at law. The original declaration seems to have been abandoned and an amended declaration was filed containing the following counts:

## "FIRST COUNT:

The plaintiffs in the above stated case, sue the defendants for that whereas heretofore on the 15th day of January, 1911, the defendant became indebted to the plaintiffs in the sum of $176.47 for the price and value of fourteen thousand five hundred and six feet of pine lumber bargained, sold and delivered by the plaintiffs to the defendant at defendant's request, which said sum of $176.47 is long over-due and remains wholly unpaid; that the price of said lumber was $12.00 per thousand; wherefore, plaintiffs sue and claim $300.00.

## SECOND COUNT:

The plaintiffs in the above stated case, sue the defendant and alleges:—

That shortly prior to the 15th day of January, 1911, one Wesley Kent was operating a saw mill in Jackson County, Florida, and engaged in the manufacturing of pine lumber. That plaintiffs then and there had a valid unpaid mortgage amounting to the sum of $800.00 which was a lien upon all of the cut or manufactured lumber of the said saw mill of the said Wesley Kent, and the defendant ordered from the said Wesley Kent a certain lot of lumber, but before the lumber could be delivered the said Wesley Kent died, and the said lumber which had heretofore been manufactured by the said Wesley Kent

was by the wife of said Wesley Kent delivered to the plaintiffs to be sold and the proceeds to be applied to the said mortgage debt of the plaintiffs against Wesley Kent. That by reason of the order given by defendant to the said Wesley Kent for a certain lot of lumber, the plaintiffs after receiving the possession of the said lumber, loaded upon cars and shipped to the defendant at Cottondale, Florida, fourteen thousand seven hundred and six feet of the said lumber which had so . been turned over and delivered to plaintiffs to be sold and proceeds credited upon the said $800.00 mortgage, and the plaintiffs shipped said two cars of lumber to the defendant at Cottondale, Florida, and the defendant received and accepted same, but has failed to pay the plaintiffs for same. That the lumber so shipped by the plaintiffs to the defendant was fourteen thousand seven hundred and six feet at the price of $12.00 per thousand feet, making a total of $176.47 as the purchase price for the said lumber, all of which is wholly unpaid, and is long passed due; wherefore, plaintiffs sue and claim $300.00 damages.

Itemized bill of particulars attached.

C. L. Wilson,<br>Attorneys for Plaintiffs.

Jan. 24th, 1912.

Bill of Particulars.

| | | | | | |
|---|---|---|---|---|---|
| 6 pieces for end sills | 6 x 8x20 | feet long | | 480 | feet. |
| 35 pieces for side sills | 6 x 8x20 | " | " | 2800 | " |
| 153 pieces floor joist | 2 x 8x20 | " | " | 4080 | " . |
| 10 pieces under plates | 6 x 6x16 | " | " | 480 | " |
| 102 pieces rafters . | 2 x 6x33 | " | " | 3366 | " |
| Sheeting | 1 x 3x10 & up | " | " | 3500 | " |
| | | | Total | 14706 | " |

At $12.00 per thousand feet, making $176.42 due."

To this declaration the defendant filed a plea "that it never was indebted as alleged," and the case was tried on the issues thus made. After the evidence was submitted the Circuit Judge on motion of the plaintiffs directed the jury to find a verdict for the plaintiffs for $107.51 with interest from the date of the institution of the suit, which was rendered by the jury. A motion for a new trial was made and overruled, to which ruling the defendant excepted.

Before considering the assignments of error we refer particularly to the fact that the sufficiency of neither one of the counts of the declaration was questioned by demurrer, or otherwise, but the defendant chose to rest its defense upon the issues raised by the plea, that is to say whether the facts set up in the two counts were in fact true.

The first assignment of error presented here is the 2nd. It is as follows: "The court erred in admitting in evidence the mortgage of Wesley Kent to the plaintiff." The existence of such a mortgage was alleged in the second count of the declaration as a part of plaintiff's case, and therefore the defendant was in no condition to object to its introduction on the ground of its immateriality or irrelevancy. But it did object that the description of property therein was not sufficient to cover the *saw mill output,* and was insufficient to create a mortgage lien. The so-called mortgage seems to attempt to cover all the personal property Wesley Kent owned when it was executed and winds up the description thus: "Also the full cut of the mill, pine and cypress."

The contention by the plaintiffs below is that this language embraces this lumber. It seems to us that as a mortgage this language is too general and vague to be good as against third parties, and that it should not have

been admitted in evidence on that ground.   Davis v. Horne, 54 Fla. 563, 45 South. Rep. 476.   Of course the mortgage could have had no place in the evidence under any circumstances, but for the condition of the pleadings and the issues made thereby.

The next assignment which is presented (the 4th) is as follows: "The court erred in permitting witness W. O. Wells to testify that the lumber sued for had been turned over to plaintiffs by the wife of Wesley Kent."   This testimony was directly responsive to an allegation of the second count of the declaration, which count was not demurred to, but issue was joined thereon.   It seems to us that under these circumstances the plaintiffs had a right to prove the allegations of their declaration.

The defendant below offered to prove by A. J. Crutchfield, who was in some way connected with defendant company, that he bought the lumber in question from Wesley Kent and paid him for it; but the court refused to permit this evidence, and the defendant excepted.   It is contended by the plaintiff below (defendant in error here) that Crutchfield being the manager of the defendant corporation, and Wesley Kent being then dead, Crutchfield was prohibited by Section 1505 General Statutes of 1906, from testifying because Wells Brothers were the assignees of Kent.   We fail to find anything in this record to show that they were the legal assignees of Kent.   We know of no law which authorizes a widow, as such widow, to turn over or assign the assets of her husband's estate to one of his creditors, to be applied to the latter's claims against the husband's estate.   W. O. Wells testified that after the death of Wesley Kent his widow turned over to him the lumber in controversy and this is the only assignment which is mentioned.   This is not a suit against the executor, administrator, heir-at-law, next of kin, as-

signee, legatee, devisee or survivor of Wesley Kent. We think the court erred in not permitting the defendant to introduce the proffered evidence.

It is unnecessary to consider the last assignment.

For the errors mentioned the judgment of the Circuit Court is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.