JOHNSON, Judge.
This is an appeal from a final order dismissing, with prejudice, the appellant’s amended complaint, which complaint attempted to collaterally attack the final judgment of the Circuit Court of Leon County entered upon stipulation after remand of the case from the Florida Supreme Court in Bryant v. Lovett, 201 So.2d 720 (Fla.1967). The substantive nature of that case can be found by referring to the citation above mentioned, and it is unnecessary to the disposition of this cause to reiterate the facts herein.
As we perceive the law, the sole issue before this Court is whether or not the court below committed reversible error in dismissing the amended complaint with prejudice and holding that the final judgments were not subject to collateral attack and that the matter was res judicata.
It is fundamental that judgments and decrees are not subject to collateral attack where the court had jurisdiction of the subject matter and of the parties. 19 Fla.Jur., “Judgments and Decrees”, § 374. Appellant’s attempt to circumvent this general rule by asserting that the judgment was void for various reasons is without *325 merit. While adjudication of a court acting without authority is void, an order based on a matter within the issues raised by the pleadings is not void if the court as organized existed legally and had jurisdiction of the parties. 19 Fla.Jur., “Judgments and Decrees”, § 383.
At the hearing on the appellees’ motion to dismiss the complaint herein, the trial judge stated:
“ * * * I am of the opinion that those judgments are not subject to the collateral attack made upon them by the Plaintiff in this case for the reason that it is my opinion that the Trustees of the Internal Improvement Fund, particularly when they are represented by the Attorney General, represent in Court the public of the State of Florida which includes all the public rights of all the citizens and of each citizen of the State of Florida. Of course, the Trustees being in Court does not bring into Court every citizen of the State so far as his individual and private rights may be concerned; but insofar as it relates to the right of the public to enjoy fishing and bathing and hunting in and upon public waters and bottoms, when the Trustees are a party, then all the citizens of the State are parties to that litigation. If the Trustees were a party to the litigation in which these decrees were entered, then the Court had jurisdiction of the necessary parties. The only remaining question is whether the Court had jurisdiction of the subject matter of that litigation. The subject matter of that litigation, * * * was the validity of certain leases and the extent of the leasehold rights of the persons claiming the leases. Certainly a Circuit Court being a Court of general jurisdiction, has jurisdiction of that subject matter. Therefore, it is my opinion that the Court, in entering those decrees, had jurisdiction of the parties and of the subject matter. If this be true, under the well recognized rule the decrees of the Court are not subject to collateral attack and for that reason I think that any collateral attack upon these decrees must fail. * * *”
At the hearing on the motion to dismiss the amended complaint, the trial judge again stated:
“ * * * In a case of this kind the public officials represent the public and all the citizens of the public insofar as they would assert public rights. They were proper public officials with parties to the prior litigation. The plaintiff in this case asserts no private right that is different from that of the general public so he can only appear to represent a public right, which public rights were, as stated, represented by the highest public officials of the State and were actively litigated. It, therefore, would seem to be very clear that the Court had jurisdiction of the parties to the litigation, the individual defendants, Francis Lovett, et al, being parties to that former case. As regards the subject matter, the Circuit Court is a Court of general jurisdiction. As such it has the power to adjudicate rights in lands, in bottoms, in leases, and in ferae neturae. It, therefore, had jurisdiction of the subject matter of the former decree. * * * ”
We are in complete agreement with the trial court’s finding that it had jurisdiction over the subject matter and the parties. As the scope of inquiry on collateral attack is confined to the jurisdictional infirmities that would render the judgment void, and there are no such infirmities herein, the order dismissing the appellant’s amended complaint is.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.