319 So.2d 80 (1975)
Fred WEIR, Appellant,
v.
STATE of Florida, Appellee.
No. 75-697.
District Court of Appeal of Florida, Second District.
September 26, 1975.
Fred Haddad, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The appellant was adjudged guilty of grand larceny on March 30, 1943, and he was sentenced to prison for a period of three years and six months. On March 11, 1975, appellant filed a "motion to vacate judgment and expunge record" in which he asserted under oath that at the time of the entry of the judgment and sentence he was a youth of twenty years of age, uneducated in the law and without any funds with which to obtain legal assistance in his defense. Appellant further swore that the court failed to ascertain his financial condition and failed to advise him that as an indigent the court would provide him legal counsel to assist in his defense. He asserts that he was unconstitutionally denied the assistance of counsel and seeks to have the judgment vacated and his arrest record expunged. The lower court denied the motion without requiring an evidentiary hearing.
*81 The landmark case of Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, made it clear that an indigent person is entitled to have counsel appointed for him by the state in felony prosecutions. The right was later extended to include all crimes where any sentence of imprisonment is contemplated. Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. There is no doubt that Gideon is retroactive in application. Loper v. Beto, 1972, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374; Arsenault v. Massachusetts, 1968, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5. Therefore, the only arguable point on this appeal is whether appellant is entitled to seek relief in view of the fact that his sentence has long since expired and he is no longer in custody.
The customary vehicle for post-conviction relief is Rule 3.850, RCrP. By its terms, this rule is applicable only to persons in custody. The custody required by the rule need not be under the sentence being attacked where the movant contends the sentence he is serving was enhanced by the conviction he seeks to have set aside.
State v. Reynolds, Fla. 1970, 238 So.2d 598; Wilcox v. State, Fla.App. 1st, 1972, 267 So.2d 15. But no Florida court has held that a person not in custody is entitled to relief under Rule 3.850, RCrP.
Judge Barns' opinion in Tolar v. State, Fla.App. 4th, 1967, 196 So.2d 1, suggests the possibility of treating the motion as being filed under Rule 1.540, RCP. Yet, the only arguable ground for relief under this rule is that the judgment was void. This position would be difficult to sustain since the sentencing court obviously had jurisdiction over the subject matter and the appellant. See Varnes v. Kirk, Fla.App. 1st, 1971, 251 So.2d 324; but see Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.
Does this mean that appellant has no vehicle to attack his conviction since he is no longer in jail? Once you admit that Gideon is retroactive, it is hard to make a distinction between a person attacking his conviction on Gideon grounds who is still in custody and one making the same attack who has already served his term. While a person in custody normally has a more vital interest in seeking to void his judgment and sentence, the stigma and disabilities incident to a felony conviction continue to be substantial detriments even after the sentence is served.
The federal courts have faced a similar question because the federal post-conviction relief statute is also limited to persons in custody. Even though writs of coram nobis were purportedly abolished by Federal Civil Rule 60 (as in Rule 1.540, RCP), this extraordinary writ may still be issued by the sentencing court with respect to criminal convictions under the federal "All Writs" statute. Grene v. United States, 5th Cir.1971, 448 F.2d 720; United States v. Norman, 6th Cir.1968, 391 F.2d 212; Owensby v. United States, 10th Cir.1965, 353 F.2d 412. Since our constitution grants the circuit court comparable "all writs"[1] authority, the same reasoning appears applicable to Florida.[2]
Appellant's motion should be treated as an application for a writ of coram nobis. The issues raised by the motion shall include those presented by a Gideon motion under Rule 3.850, RCrP. See Howard v. State, Fla.App. 4th, 1973, 280 So.2d 705. The state's argument of laches may also be considered by the court below. However, the mere passage of time, standing by itself, would not constitute the prejudice necessary to support a finding of laches. See 62 A.L.R.2d 432. Should the judgment be vacated, Fla. Stat. § 901.33 *82 (1974) controls the procedure to be followed in expunging the arrest records.
The order is reversed, and the case is remanded with directions to hold an evidentiary hearing in accordance with this opinion.
Reversed and remanded.
SCHEB, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Fla. Const. art. V, § 5.
[2] Our court suggested this result in Grant v. State, Fla.App.2d, 1964, 166 So.2d 503, but declined to pass on the question since the movant in that case was in custody.