PER CURIAM.
Appellants take these consolidated appeals from separate summary final judgments adversely entered against them below. Appeal No. 78-606 arose from a summary final judgment in favor of appel-lees/defendants Sun Bank and Martin Z. Margulies in a replevin action initiated by the appellants in which they sought to recover possession of a houseboat. Appeal No. 78-1052 is taken from an adverse summary final judgment in an action to recover monies paid to the City of Miami for certain building permits originally issued to the appellants.
Both of the actions below represent a collateral attack by the appellants on a 1975 *1094 final judgment of foreclosure entered in the Circuit Court of the 11th Judicial Circuit. In that suit the appellants suffered foreclosure of a mortgage on Fair Island, a small island located in Biscayne Bay which they planned to develop. A houseboat was moored to the island. To further their development plans, the appellants obtained certain building permits from the City of Miami costing approximately $60,000.
The amount foreclosed on the appellants’ mortgage was $8,000,000 and among the property subsequently sold at the foreclosure sale were the houseboat and the building permits. Because of the amount involved after foreclosure, a deficiency judgment was sought by the purchasers at the foreclosure sale. That relief was ultimately denied by the trial court and affirmed on appeal. Spencer v. American Advisory Corp., 338 So.2d 62 (Fla. 3d DCA 1976), cert. denied 348 So.2d 953 (Fla.1977). The appellants also appealed the final judgment of foreclosure itself but voluntarily dismissed that appeal in August 1976.
Appellants brought these separate suits in September 1977 in order to recover the houseboat and the $60,000 that they paid for the building permits. They contended that neither the houseboat nor the building permits had been foreclosed by the earlier final judgment of foreclosure and that they were the true owners of the property. In the case represented by Appeal No. 78-606, they sought to replevin the houseboat from its present owners, the appellees Sun Bank and Martin Z. Margulies. In the case represented by Appeal No. 78-1052, the appellants sought to recover the money that they paid to the City of Miami for the building permits. The other appellees in this appeal represent successor interests to those building permits made parties below by the City’s third party complaint.
We agree with both courts below that the appellants’ actions were untimely and that they, in effect, seek to modify or vacate the final judgment of foreclosure. See Fla.R. Civ.P. 1.540. We, therefore, affirm the summary final judgments.
These collateral attacks on the 1975 foreclosure judgment should have been raised in the foreclosure suit and the appeal from that judgment. They are not appropriately raised in this proceeding. The final judgment of foreclosure is not subject to collateral attack where the trial court had jurisdiction of the subject matter and of the parties. Varnes v. Kirk, 251 So.2d 324 (Fla. 1st DCA 1971); Goldfarb v. Cantor, 123 So.2d 50 (Fla. 3d DCA 1960). The appellants voluntarily dismissed their appeal and chose not to raise any issues concerning the validity of the foreclosure sale of the houseboat and building permits.
The final judgment of foreclosure cannot now be modified or vacated more than a year later whether by motion pursuant to Fla.R.Civ.P. 1.540(b) or by collateral attack in the separate actions filed below. Cf. Seven-Up Bottling Co. v. George Construction Corp., 153 So.2d 11 (Fla. 3d DCA 1963) (decree of foreclosure could not be vacated on ground of newly discovered evidence when motion to vacate was filed more than one year later). Accordingly, the summary final judgments were properly entered against the appellants.
Affirmed.