444 So.2d 575 (1984)
Gonzalo DEQUESADA, Petitioner,
v.
STATE of Florida, Respondent.
No. 83-1875.
District Court of Appeal of Florida, Second District.
February 1, 1984.
*576 R.E. Fernandez, Tampa, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and M. Ann Garrison, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Gonzalo Dequesada petitions this court for a writ of certiorari regarding an order of the Pinellas County Circuit Court dismissing his appeal of an order of the Pinellas County Court denying his petition for a writ of error coram nobis. We deny the petition.
After successfully completing the terms and conditions of probation imposed upon him for a misdemeanor battery conviction in the county court, Dequesada filed a petition for a writ of error coram nobis in the county court seeking relief from the conviction. He set forth several allegations in the petition concerning ineffective assistance of counsel at the pretrial and trial stages. In support of some of the allegations, he attached portions of the trial transcript and a few affidavits. Following a hearing on the petition, the county court rendered a bifurcated order denying it. Citing Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975), the court decided in the first part of its order that when a defendant who is no longer in custody seeks post-conviction relief, his remedy may be by way of a writ of error coram nobis. However, in the second part of its order, it rejected the sufficiency of each of Dequesada's allegations, holding that he had not carried his burden of proving ineffective assistance of counsel under the standards set forth in Knight v. State, 394 So.2d 997 (Fla. 1981), and Ford v. State, 407 So.2d 907 (Fla. 1981), so as to justify an evidentiary hearing.
A three-judge panel of the circuit court filed a per curiam order dismissing Dequesada's appeal of the county court's order on the ground that, because Dequesada has fulfilled the terms and conditions of probation, the question of ineffective assistance of counsel has been rendered "moot." It therefore did not address the question of whether the county court correctly rejected Dequesada's allegations of ineffective assistance of counsel, as he had sought.
Dequesada subsequently submitted a petition for a writ of certiorari in this court.
We agree with Dequesada that the circuit court erroneously dismissed his appeal of the county court's order. The county court correctly held that a petition for a writ of error coram nobis is the vehicle whereby a defendant who is no longer in custody may seek post-conviction relief. See Weir. The fact that Dequesada has served the terms and conditions of probation does not render the issue of ineffective assistance of counsel "moot." If ineffective assistance of counsel were proved, the conviction might ultimately be expunged from his criminal record, thereby eliminating the stigma of the conviction.
Even though the circuit court wrongfully dismissed Dequesada's appeal, the granting of a writ of certiorari would be a pointless act. As the county court held, a review of Dequesada's allegations of ineffective assistance of counsel, as well as a perusal of the attached affidavits and portions of the trial transcript which he submitted in support of some of the allegations, *577 shows that the allegations are substantively insufficient.
Accordingly, we deny Dequesada's petition for a writ of certiorari.
CERTIORARI DENIED.
HOBSON, A.C.J., and BOARDMAN and RYDER, JJ., concur.