PER CURIAM.
Defendant appeals the summary denial of three separate motions for post-conviction relief, each motion corresponding to a different criminal charge. Two of the cases involve escape convictions, while the third attacks a conviction and sentence for robbery. Since defendant received a total of eleven and one-half years in prison, with none of the sentences having been imposed later than 1969, and since defendant does not allege that he otherwise is “in custody” as a result of these convictions, Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975), the trial court correctly denied all three motions as untimely.
An examination of the motions further shows that two and part of a third are insufficient on their face. Defendant’s sole ground for relief from the escape convictions is predicated upon insufficiency of the evidence, an issue which must be raised, if at all, on appeal. Austin v. State, 160 So.2d 730 (Fla. 2d DCA 1964). As to the robbery conviction, defendant’s claim that his plea was coerced by counsel is also insufficient; defendant alleges only that counsel “told him to plead guilty because his codefendant was going to testify against him.”
Lastly, defendant states that he was without counsel when sentenced for the robbery. Since the present motions were not adjudicated on their merits, our affirmance is without prejudice to defendant to refile a motion alleging deprivation of counsel. McCrae v. State, 437 So.2d 1388 (Fla. 1983). The trial court need entertain any such motion only if defendant can establish continuing “custody” stemming from the *1035 robbery conviction, as that term is defined in Weir.
Affirmed.
DANAHY, A.C.J., and LEHAN and FRANK, JJ., concur.