PER CURIAM.
This is an appeal from a final order dismissing with prejudice a proceeding supplementary to execution. We affirm.
On July 26, 1980 and January 28, 1981, New Haven Sugar executed and delivered to Southwest Florida Production Credit Association (PCA) certain mortgages on real property and on various items of farm machinery as collateral. These items are referred to as “the 1981 machinery.”
In March of 1982, New Haven purchased rice packing machinery from appellant Marco Technology Corporation (Marco). This machinery is referred to as “the 1982 machinery.” After New Haven defaulted on its obligation, Marco obtained a $392,000 final judgment in Palm Beach County against New Haven on December 19, 1983. An additional judgment for attorney fees was entered on April 3, 1984.
On January 30, 1984 PCA commenced a foreclosure action in Glades County. A list of the 1981 machinery was attached to the complaint. Marco, having been joined as a defendant on or about July 31, 1984, filed an answer asserting that its interest in the machinery subject to the December 19, 1983 judgment (the 1982 machinery) was superior to PCA’s interest in said machinery.
Prior to Marco’s answer of August 24, 1984, in the Glades County foreclosure action, on March 15, 1984, PCA had intervened in the Palm Beach County action preventing Marco from executing on its judgments until September 1984 when Mar *64 co obtained an order reinstating its writ of execution against New Haven. On October 15, 1984 New Haven filed a petition in bankruptcy which again precluded Marco from executing on its judgments.
The bankruptcy court permitted PCA to proceed with its foreclosure in Glades County and on June 24,1985 PCA obtained a final judgment of foreclosure. The 1981 equipment list was attached to the final judgment as a description of the property encompassed therein. PCA was the highest bidder at the foreclosure sale held on September 6, 1985. Thereafter on October 31, 1985 PCA resold all items foreclosed upon to appellee El Rodeo Investment Corporation (El Rodeo). The items which El Rodeo actually received in the sale included both the 1981 and 1982 equipment.
Appellant Marco interpleaded appellee El Rodeo into the Palm Beach County action on May 23, 1986 after it learned that the 1982 machinery was in appellee’s possession.
On August 27, 1986 the Palm Beach County action was abated pending clarification of the scope of the Glades County final judgment of June 24, 1985. After the Glades County court denied the motion to clarify, El Rodeo’s motion to vacate the Palm Beach County proceedings supplementary was granted with prejudice and on December 17, 1986 Marco’s supplementary proceeding was dismissed. Marco’s motion for rehearing was denied on January 13, 1987. This appeal followed.
Marco concedes that El Rodeo is a bona fide purchaser for value without notice of any prior lien on the 1982 equipment and that a substantial portion of the total price paid by El Rodeo was attributed to the 1982 equipment. Marco contends, however, that the 1982 machinery is still owned by New Haven Sugar and is therefore subject to the outstanding writ of execution pursuant to section 56.29(5), Florida Statutes (1985), which provides:
The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
Marco’s position is that the 1982 machinery was not described in the foreclosure final judgment and that title therefore did not pass to El Rodeo. If title did not pass to El Rodeo, it is property still belonging to New Haven Sugar which is in the hands of El Rodeo and is subject to the proceedings supplementary.
The personal property list which was attached to the foreclosure complaint was prepared in 1981. There is an after-acquired property provision within the security agreement obtained by PCA. The provision in pertinent part states: “also all personal property hereafter acquired with the proceeds of the foregoing described loan wherever the same may be located.” Since it is undisputed that PCA’s loan proceeds were not used to purchase the 1982 equipment, this provision is ineffective to bring the 1982 mill packing equipment within the list of items upon which PCA could properly foreclose. The mill packing equipment was not in New Haven Sugar’s possession until 1982 when it was purchased from Marco. PCA did not loan monies for this purchase. This 1982 equipment was purchased from Marco which never received payment for it.
The 1981 list, however, also included the following language:
Also, all other machinery, equipment and buildings located on the property commonly known as the “Rice Mill Complex” and described as Palm Beach, Florida, Parcel 2.
The 1982 equipment was physically located at that site.
Appellant relies upon Air Flow Heating and Air Conditioning, Inc. v. Baker, 326 So.2d 449 (Fla. 4th DCA 1976). Air Flow dealt with the priorities of recorded documents creating liens upon real property. In Air Flow, no legal description of the property was included in the mortgage and this court determined that said mortgage was ineffective for purposes of constructive notice.
*65 In the present case, appellant was a defendant in the foreclosure proceeding so actual notice as opposed to constructive notice was provided.
The appellant also raises an issue as to the sufficiency of the description of the property foreclosed, citing Farmers’ Union Warehouse Company v. T.C. Wells & Bros., 65 Fla. 350, 61 So. 745 (1913). In Farmers’ Union, the court determined that “[a]lso the full cut of mill, pine and cypress” was too general and vague as against third parties to be a sufficient description by which to mortgage “the sawmill output.” 61 So. at 746. In Farmers’ Union, the property was not identified by location nor by duration of output.
In the earlier case of Davis v. Horne, 54 Fla. 563, 45 So. 476 (1907), the Florida Supreme Court stated the test for the sufficiency of a description in a mortgage as to third persons to be that “the mortgage must point out the subject-matter, so that the third person may identify the property covered by the aid of such inquiries as the instrument itself suggests.” 45 So. at 477.
The clear reference to “all ... machinery, equipment and buildings” located on the “Rice Mill Complex” was a sufficient description from which Marco could determine from an inspection of the Rice Mill Complex that its property was being included in the foreclosure action. It would also be reasonable for Marco to assume that anyone without knowledge of the difference in purchase dates of the various pieces of equipment located at New Haven’s premises would later rely on the foreclosure as having perfected title to all equipment, machinery and buildings located therein, especially as against those named as defendants in the foreclosure. Indeed, it would appear that Marco recognized the potential inclusion of these assets in the foreclosure action when it filed its answer asserting its superior interest in the 1982 property. Thereafter, however, Marco did not oppose the entry of the summary judgment, nor seek a specific exclusion of the 1982 equipment from the final judgment, nor timely move for clarification or rehearing, nor did it file an appeal. Marco asserts that since PCA, after receiving Marco’s answer, did not seek to amend its foreclosure complaint to describe more specifically the property being foreclosed, that PCA conceded that the 1982 equipment was not included and Marco needed to do nothing more.
Marco’s supplementary proceeding is a collateral attack on the Glades County foreclosure. The final judgment of foreclosure is not subject to collateral attack where the trial court had jurisdiction of the subject matter and of the parties. See Sailboat Key Developers v. Sun Bank, 367 So.2d 1093 (Fla. 3d DCA 1979). As in Sailboat Key, appellant now seeks to modify the final judgment of foreclosure of Glades County by eliminating from its scope the 1982 equipment. This collateral attack should have been raised in the Glades County foreclosure suit or by timely motion for clarification of that court’s final judgment or by appeal of that action.
The actions appealed in Sailboat Key were filed over one year from the date of foreclosure, thus precluding the consideration of Florida Rule of Civil Procedure 1.540(b). Appellant filed the supplementary proceedings in Palm Beach County within the one year period from the date of the Glades County foreclosure. Sailboat Key is nevertheless controlling. Marco’s motion for clarification filed in Glades County was not filed within one year. This appeal is not brought from the denial of a motion pursuant to Florida Rule of Civil Procedure 1.540(b) in Glades County, but rather from the dismissal of appellant’s collateral attack through the supplementary proceedings in Palm Beach County. In Seven-Up Bottling Company of Miami, Inc. v. George Construction Corp., 153 So.2d 11 (Fla. 3d DCA 1963), it was held that an appeal of a foreclosure action does not toll the one year limitation in which a motion to vacate that judgment must be filed. An appeal of one action, the Palm Beach County supplementary proceeding, certainly cannot toll the running of the one year in another action, the Glades County foreclosure.
*66 Since the Glades County final judgment of foreclosure was entered on June 24, 1985, under the holdings of Sailboat Key and Seven-Up Bottling, appellant has no further action at this time to correct or clarify the Glades County final judgment.
Finally, as between appellant and appel-lee, it is appellant who should here bear the loss. It violates principles of justice to impose the loss in this case on appellee, who is a purchaser in good faith without notice of the lien. Appellant had several opportunities throughout the litigation in Glades County to protect its interest; ap-pellee had no such opportunity. See Harmony Homes, Inc. v. Zeit, 260 So.2d 218 (Fla. 1st DCA 1972).
AFFIRMED.
DOWNEY and GUNTHER, JJ., and VITALE, LINDA L., Associate Judge, concur.