680 So.2d 438 (1996)
Gino B. VONIA, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02925.
District Court of Appeal of Florida, Second District.
January 3, 1996.
PER CURIAM.
Gino Vonia appeals the summary denial of a petition for writ of error coram nobis. In denying the petition, the trial court ruled that the writ of error coram nobis was not an available remedy, in part, because Vonia was in custody. Even though Vonia was in custody at the time the petition was filed, the sentences he collaterally attacks had expired. Custodial status under these circumstances does not bar utilization of the writ. See Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992).
The trial court also denied the writ because the petition did not concern itself with newly discovered evidence or with questions of fact. We hold that the trial court was correct in denying the motion on this ground. See Hallman v. State, 371 So.2d 482 (Fla.1979); Malcolm, 605 So.2d 945. In so doing, we acknowledge that this court has allowed the use of the writ of error coram nobis to attack legal errors not involving newly discovered evidence or questions of fact. In Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975), we allowed the use of the writ to challenge a Gideon[1] violation under the "all writs" authority given to circuit courts[2] in order to provide Weir the same opportunity to challenge his conviction that a person in custody would have pursuant to Florida Rule of Criminal Procedure 3.850. We observed that "[o]nce you admit that Gideon is retroactive, it is hard to make a distinction between a person attacking his conviction on Gideon grounds who is still in custody and one making the same attack who has already served his term." Weir, 319 So.2d at 81.
*439 We followed Weir in Dequesada v. State, 444 So.2d 575 (Fla. 2d DCA 1984), where the defendant would have been able to seek postconviction relief on ineffective assistance grounds but for the fact that he was no longer in custody. At the time Weir and Dequesada were decided, the two-year time limit within which postconviction motions must now be filed did not exist. The two-year time limit was added by amendment in 1984.[3] By subsequent amendment in 1985,[4] those persons whose judgment and sentence became final prior to January 1, 1985, were given until January 1, 1987, to file a motion pursuant to rule 3.850.
Vonia was convicted and began to serve a five-year sentence in 1984. Because he did not seek postconviction relief prior to January 1, 1987, his claim would be procedurally barred even if he was still incarcerated on the conviction he attacks. Therefore, unlike Weir and Dequesada, Vonia is not being denied a remedy that would be available to him if he were still incarcerated. Consequently, we find the special "all writs" writ of error coram nobis utilized in Weir, which gives persons not in custody the same postconviction relief opportunity that a person in custody would have, does not apply to Vonia's claim.
Our holding that the writ of error coram nobis cannot be used by a person no longer in custody to breathe life into a postconviction claim previously time barred should not be construed to limit collateral attack by proper use of the traditional writ of error coram nobis, such as a claim of newly discovered evidence, which has no time limit.
Affirmed.
CAMPBELL, A.C.J., and FULMER and WHATLEY, JJ., concur.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
[2] Art. V, § 5, Fla. Const.
[3] The Florida Bar re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla.1984).
[4] In re Rule 3.850 of the Florida Rules of Criminal Procedure, 481 So.2d 480 (Fla.1985).