756 So.2d 112 (1999)
Calburt KNIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04829.
District Court of Appeal of Florida, Second District.
December 10, 1999.
PER CURIAM.
Calburt Knibbs appeals the summary denial of his petition for writ of error coram nobis. Because Knibbs has stated a cognizable claim, we reverse and remand to the trial court with directions to conduct further proceedings on Knibbs' claim.
Knibbs entered a no contest plea to possession of marijuana on July 1, 1996. The court withheld adjudication, and sentenced Knibbs to eighteen months of probation. He successfully completed the probation, and was then served with a notice from the Immigration and Naturalization *113 Services that his plea could subject him to deportation.
Within two years of entry of the judgment and sentence, Knibbs filed a petition for writ of error coram nobis, based on the fact that he was not advised by the court of the deportation consequences of his plea, in violation of Florida Rule of Criminal Procedure 3.172(c). The trial court relied on Peart v. State, 705 So.2d 1059 (Fla. 3d DCA), review granted, 722 So.2d 193 (Fla.1998), and denied the petition on the grounds that Knibbs' claim set out a legal, rather than factual error.
We conclude that the supreme court case of Wood v. State, 750 So.2d 592 (Fla.1999), and precedent from this district require us to reverse the order under review. In Wood, the petitioner sought to have a 1988 plea set aside because the resultant conviction was used to enhance a subsequent federal sentence. He claimed that he was not informed when he pleaded that the conviction could be used to enhance future convictions.
Wood filed a petition for writ of error coram nobis, rather than a motion pursuant to Florida Rule of Criminal Procedure 3.850, because he had completed the 1988 sentence and considered himself no longer in custody. The trial court ruled that the petitioner was in custody, and denied the petition as time-barred under rule 3.850. The district court affirmed. See Wood v. State, 698 So.2d 293 (Fla. 1st DCA 1997).
The supreme court reversed, finding that Wood could seek relief through a petition for error coram nobis, and ruled that individuals who had already been convicted at the time the Wood opinion was filed would have two years from the date of the opinion "within which to file claims traditionally cognizable under coram nobis."[1] 750 So.2d at 595. The court did not elucidate what it considered to be a traditionally cognizable claim, although the petitioner in Wood sought to set aside a plea alleging that he was not informed of the collateral consequences of his plea on a subsequent federal charge.
In Vonia v. State, 680 So.2d 438 (Fla. 2d DCA 1996), this court affirmed the denial of a petition for writ of error coram nobis because the petition did not concern newly discovered evidence or questions of fact, and because the claim was not filed within the two-year time limit as dictated by rule 3.850. Vonia distinguished two prior cases, Dequesada v. State, 444 So.2d 575 (Fla. 2d DCA 1984), and Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975), as having been decided before the two-year time limit on rule 3.850 motions was imposed. In both Dequesada and Weir, this court permitted claims based on mistakes of law rather than on mistakes of fact to be considered on their merits. Vonia implies that any claim that can be brought under rule 3.850 can be brought within two years of judgment and sentence in an error coram nobis petition.
In Peart, the Third District cited Vonia for the proposition that a petition for coram nobis offers the same relief to defendants not in custody, as does rule 3.850 for defendants in custody, and disagreed with Vonia. The multiple petitioners in Peart had all pleaded guilty or no contest to various charges, and had not been advised of the possibility of deportation when they entered their pleas.[2] None of the petitioners filed their petitions within two years of entering their pleas. The court held that the petitioners were not entitled to coram nobis relief because their claims did not assert factual errors or newly discovered evidence. Id. at 1062. The court stated that those who had been in custody (either through imprisonment or probation) *114 should have brought rule 3.850 claims, and those who had never been in custody had no vehicle for relief on this issue, regardless of the timeliness of their claims. Id. at 1062-63.
In contrast, in Kalici v. State, 755 So.2d 680 (Fla. 4th DCA 1999), the Fourth District reversed a denial of a petition for error coram nobis and remanded the case for an evidentiary hearing on the petitioner's claim that he should be permitted to withdraw a plea because he had not been advised of the deportation consequences of his plea. The trial court had denied the petition because it was not filed within two years of the judgment and sentence becoming final. The district court held that Wood gave the petitioner two years from the date of the opinion to file his claim. The court characterized the claim as "traditionally cognizable under coram nobis." Id.
Similarly, in Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA), review granted, 728 So.2d 205 (Fla.1998), the Fourth District analyzed a claim asserted in an error coram nobis petition that the petitioner's plea was involuntary because she had not been informed of the possible deportation consequences of an adjudication of guilt. The court characterized the claim as alleging an error of fact, rather than an error of law, and stated that coram nobis was the appropriate vehicle through which to seek relief with this kind of claim, and cited Nickels v. State, 86 Fla. 208, 98 So. 502 (1923), as authority for its conclusion. Id. at 1196. The petition was denied on other grounds. See id.
In Nickels, the court granted rehearing on a previous denial of a petition for writ of error coram nobis.[3] The court found the petitioner's claim, that he had pleaded guilty to a rape charge because of fear of being killed by a mob, was cognizable under coram nobis, and that if the record supported his claim, his plea would be set aside.[4] The court discussed the writ of error coram nobis, and stated that it was limited to addressing errors of fact rather than legal errors, such as an error in judgment by the court. The court then noted that a guilty plea must be voluntary "by one competent to know its consequences, and should not induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance." Id., 98 So. at 504 (citation omitted).
Based on these authorities, we conclude that because Knibbs' claim was presumably induced by ignorance, it states a valid basis for a coram nobis claim. Because Knibbs' petition was filed within two years of his judgment, it is cognizable under Vonia, Dequesada and Weir, even if his claim is characterized as addressing a legal error rather than an error of fact. Furthermore, under Kalici, Gregersen and Nickels, Knibbs' assertion that he was not advised of the deportation consequences of his plea is of a factual rather than legal nature.
Reversed and remanded for further proceedings in accordance with this opinion.
BLUE, A.C.J., and GREEN and DAVIS, JJ., Concur.
NOTES
[1] The court also amended Florida Rule of Criminal Procedure 3.850 to remove the "in custody" requirement, and directed that individuals who were convicted of crimes after the date the opinion was filed would be required to seek relief under the rule rather than through a petition for writ of error coram nobis.
[2] One of the parties was in custody and filed a timely rule 3.850 motion. He was granted relief.
[3] The opinion on rehearing is Nickels v. State, 86 Fla. 208, 99 So. 121 (1924).
[4] In the subsequent opinion on rehearing, the court found that the record supported the petitioner's claim, and his guilty plea was set aside.