BLUE, Judge.
Soreliz Ascanio appeals the denial of her petition for writ of error coram nobis, in *750 which she sought relief because the trial court did not orally inform her of the deportation consequences of her pleas. Based on Wood v. State, 750 So.2d 592 (Fla.1999), decided after the trial court’s ruling, we conclude that Ascanio is entitled to withdraw her pleas.
On February 13, 1995, Ascanio pleaded nolo contendere to felony charges of possession of methylenedioxymethampheta-mine and possession of marijuana. The trial court withheld adjudication and sentenced Ascanio to two years’ probation. Six months after Ascanio successfully completed the probation, she was served notice by the United States Immigration and Naturalization Service of its intent to deport her based on her criminal convictions.
Ascanio then filed a petition for a writ of error coram nobis in the trial court, alleging that her pleas were not knowingly and voluntarily made because of the failure of her attorney and the trial judge to inform her of deportation consequences of her pleas. The circuit judge reviewed the petition and denied it after finding that a writ of error coram nobis cannot be used by a person no longer in custody to breathe life into a postconviction claim previously time barred. Before Wood, this court would have agreed; however, it appears that Wood does in fact breathe life into such claims for a two-year period from the date of the release of the Wood opinion.
Wood recognizes that the historic functions of error coram nobis were replaced by Florida Rule of Criminal Procedure 3.850 for persons in custody. Pursuant to its rule-making authority, the supreme court, in Wood, amended rule 3.850 to include the same relief for persons not in custody and subjects persons not in custody to the same two-year limitation applicable to persons in custody. Significantly for Ascanio, persons entitled to relief under the new rule are given two years from the release date of Wood to seek redress under the rule.. The amendment of the rule, although a boon to the defendant in this case, will deny relief in the future to defendants who fail to act within two years of their conviction.
The timeliness issue presented by Asca-nio was recently decided by this court in Knibbs v. State, 756 So.2d 112 (Fla. 2d DCA 1999). Although we have approached the problem somewhat differently than was done in Knibbs, we believe Knibbs is well-reasoned and its approach is additional authority for the reversal of the order on appeal. See also McHugh v. State, 734 So.2d 1205 (Fla. 4th DCA 1999); Kalici v. State, 755 So.2d 680 (Fla. 4th DCA 1999).
Having concluded that Ascanio’s petition for writ of error coram nobis was timely filed, we turn to the merits of her claims. The record reflects that the sentencing judge failed to orally inform Ascanio of the contingency of deportation as required by Florida Rule of Criminal Procedure 3.172(c)(8). Failure to follow the rule in this regard entitles Ascanio to withdraw her pleas, the relief she now seeks. See Gregersen v. State, 714 So.2d 1195 (Fla. 4th DCA 1998); Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996).
We conclude that Ascanio’s petition was timely filed and warrants the relief sought. Accordingly, we reverse the denial of the petition with directions to the circuit court to permit Ascanio to withdraw her pleas and proceed to trial.
ALTENBERND, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.