HARDING, J.,
concurring.
I concur in the majority opinion which has correctly determined that, under the facts of this case, a petition for a writ of error coram nobis was the proper pleading for the noncustodial defendant to file in order to raise his claim of ineffective assistance of counsel. This is not inconsistent with my concurrence of Chief Justice Wells’ dissent in Peart v. State, 756 So.2d 42, 51-52 (Fla.2000) (Wells, J., dissenting), where I did not agree that the writ of error coram nobis encompassed appellant’s claims because such claims were based not on errors of fact or newly discovered evidence but, rather, were based on an error of law, i.e., the requirement to advise the defendant of the possibility of deportation. In the instant case, however, the noncustodial defendant’s claim of ineffective assistance of counsel is a matter of fact which does not appear on the face of the record and, therefore, falls within the boundaries *201 of a writ of error coram nobis. See Baker v. State, 150 Fla. 446, 7 So.2d 792, 795-96 (1942); see also Dequesada v. State, 444 So.2d 575 (Fla. 2d DCA 1984) (holding a claim of ineffective assistance of counsel may support a petition for writ of error eoram nobis).