[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 03-15577

_____

D. C. Docket No. 02-01475-CV-T-23-MAP

EDUARDO RODRIGUEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 14, 2006)**

Before ANDERSON, FAY and SILER*, Circuit Judges.

_____

*Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

This is an appeal from the final order of the district court denying a motion filed by appellant, Eduardo Rodriguez ("Rodriguez") pursuant to 28 U.S.C. §2255. Rodriguez sought to reduce his sentence based on the vacatur of an underlying state court claim that was used to enhance his federal sentence. The court held that Rodriguez filed the §2255 motion after the one-year limitations period had expired. Specifically, the court determined that Rodriguez did not file a timely petition under the statute because with due diligence he should have discovered the "facts supporting the claim or claims presented" well before he filed the §2255 motion.[1] The central issue, therefore, is whether or not Rodriguez exercised due diligence in seeking review of his underlying state conviction. We conclude that because the relief sought was not available to Rodriguez under state law prior to

---

[1]28 U.S.C. §2255 provides that a motion to vacate a sentence must be filed within one year of the latest of the following events:

> (1) the date on which the judgement of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

the Florida Supreme Court's decision in Peart v. State, 756 So.2d 42 (Fla. 2000),[2] he acted with diligence by filing a timely petition after <u>Peart</u>. We reverse the district court's ruling.

## I. <u>Background</u>

In January of 1995, Rodriguez was convicted of conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841. On April 21, 1995, the court sentenced Rodriguez to 220 months imprisonment. For sentencing purposes, Rodriguez was considered a career criminal based on two prior state court convictions, in 1986 and 1991. The district court entered its final order on May 1, 1995.

On March 2, 1997, Rodriguez filed a motion in state court pursuant to 28 U.S.C. § 2254, challenging his 1991 conviction. The motion was denied. On or about April 15, 1997, Rodriguez filed a motion in state court pursuant to Florida Rule of Criminal Procedure 3.850, again challenging his 1991 conviction. The motion was denied. Rodriguez then petitioned for a writ of coram nobis, which was also denied.

---

[2] Peart held that "defendants who gained knowledge of the threat of deportation prior to the filing date of this decision shall have two years from this decision to file a rule 3.850 motion."

On June 12, 2000, approximately two months after the Florida Supreme Court decided Peart on April 13, 2000, Rodriguez filed another Rule 3.850 motion for relief from his 1991 conviction. The state court vacated the 1991 conviction on January 14, 2002.[3]

On July 31, 2002, Rodriguez filed a motion in the district court pursuant to 28 U.S.C. §2255 requesting that the court resentence him without considering his vacated 1991 conviction. The court denied the motion as time-barred. Specifically, the court concluded that the one-year statute of limitations started to run on the date "when due diligence should have disclosed the facts supporting the underlying claim, not when the challenged state conviction was vacated."

Rodriguez appealed, and after this Court declined to issue a certificate of appealability, he petitioned for a writ of certiorari to the United States Supreme Court. The Supreme Court granted the writ, vacated the judgment, and remanded to this court for reconsideration in light of Johnson v. United States, 125 S.Ct. 1571 (2005). We then granted Rodriguez a certificate of appealability in an order dated September 13, 2005.

## II. Discussion

---

[3] The state court cited Ascenio v. State, 754 So.2d 749 (Fla. 2d DCA 2000) as a basis for finding that Rodriguez was entitled to withdraw his plea. There is no question that the law of Florida changed when the state supreme court rendered its opinion in Peart.

In reviewing the district court's denial of a 28 U.S.C. § 2255 motion, we review legal issues *de novo* and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232, (11th Cir. 2004), cert. denied, 543 U.S. 891, 125 S.Ct. 167 (2004). The key inquiry in this case is whether or not the appellant exercised due diligence under Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571 (2005). Under Johnson, a prisoner may file a §2255 motion up to one year from the date on which he received notice of the order vacating his prior state conviction. See Johnson, 544 U.S. at 298, 125 S.Ct. at 1575.  However, the prisoner is only entitled to the new one-year limitations period if he exercised due diligence in seeking to overturn his prior conviction. Id. In Johnson, the court held that the prisoner's delay in seeking to overturn his state conviction from the time of his federal sentencing was not diligent. Id. The court expressed doubt as to whether even a twenty-one month delay would be considered diligent under this standard. Id.

Although the appellant in this case comes forward with a twenty-two month delay, his situation is distinct from that in Johnson. At the time of his federal sentencing, the appellant was already barred from collateral relief for his state conviction because the statute of limitations under Rule 3.850 had run. It was not until the decision in Peart that the possibility of collateral relief became available

5

to Rodriguez due to the established change in the statute of limitations and its application to his situation. Thus, Rodriguez's actions prior to Peart are irrelevant to the diligence inquiry because he could not have obtained the relief sought under Florida law prior to that time. The law does not require acts that would be futile. As there is no dispute regarding the timeliness of Rodriguez's actions following the Peart decision, we find that he acted with due diligence in seeking relief from his state conviction.

### III. Conclusion

We conclude that the appellant in this case is entitled to the one-year statute of limitations period established under Johnson v. United States because he acted with diligence in seeking post-conviction relief as soon as state law made it possible for him to do so. To hold otherwise would require prisoners to file frivolous petitions when established law is clearly set against them. We therefore reverse the district court's ruling, vacate the order of dismissal and remand for consideration on the merits.

**REVERSED, VACATED and REMANDED.**