947 So.2d 521 (2006)
MOLINOS DEL S.A., Desarrollo Industrial Bioacuatico S.A., Aquamar, S.A. Emelorsa-Empacadora El Oro S.A., and Industrialy Agricola 44, S.A., Appellants,
v.
E.I. DUPONT DE NEMOURS AND COMPANY, Appellee.
No. 4D06-20.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Rehearing Denied February 22, 2007.
*522 Joel S. Perwin of Joel S. Perwin, P.A., Miami, Robert J. McKee and Kelly B. Gelb of Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A., Fort Lauderdale, and Scott Mager of Mager Law Group, P.A., Fort Lauderdale, for appellants.
Jane Kreusler-Walsh and Rebecca Mercier-Vargas of Jane Kreusler-Walsh, P.A., West Palm Beach, and Daniel F. Molony and David S. Johnson of Shook, Hardy & Bacon, L.L.P., Tampa, for appellee.
GROSS, J.
Molinos Del S.A., Desarrollo Industrial Bioacuatico S.A. (Dibsa), and Aquamar, S.A. Emelorsa-Empacadora El Oro S.A. (Aquamar), appeal the denial of their motions for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b), based on newly discovered evidence. The circuit court denied the motions because they were filed more than one year after the entry of two final judgments in appellants' favor. In earlier appeals, this court reversed both judgments and directed that judgments be entered in favor of DuPont, the defendant.
We reverse the circuit court's denial of appellants' Rule 1.540(b) motions, holding that the one-year time limit under the rule begins to run from the time the circuit court entered new judgments in compliance with our mandates, and not from the time of the original judgments.
*523 Appellants own shrimp farms in Ecuador. In 1998, appellants each brought a lawsuit against DuPont involving Benlate, a fungicide manufactured and sold by DuPont and used in banana farms near appellants' properties.
Aquamar and Dibsa's cases went to jury trial. Dibsa's case resulted in a final judgment of $14,315,599.17 rendered on February 16, 2001. Aquamar secured a final judgment of $12,335,475 rendered on April 19, 2001. DuPont appealed both judgments.
While the appeals were pending, Dibsa and Aquamar learned that DuPont may have concealed information during discovery. Shortly after rendition of the Dibsa final judgment and return of the Aquamar verdict, plaintiffs' counsel obtained two DuPont interoffice memoranda, referred to as the Coombs and Nickle memos, which discussed the potential impact of an aquatic monitoring study. Plaintiff's counsel then filed a Freedom of Information Request with the Environmental Protection Agency seeking studies referenced in the Coombs and Nickle memoranda. The EPA sent plaintiff's counsel an aquatic monitoring report in mid-June 2001, which documented certain environmental effects of Benlate run-off.
Over 17 months after receiving the aquatic monitoring report from the EPA, and after this court heard oral argument in the Dibsa case, Dibsa and Aquamar filed motions for sanctions in the trial court, seeking to strike DuPont's pleadings for alleged discovery violations. Appellants claimed that DuPont's conduct had adversely affected them by reducing their damages and compromising the record. DuPont's response argued, among other things, that the trial court lacked jurisdiction to consider the motions because of the pending appeals.
The trial court declined to consider the sanctions motions because it lacked jurisdiction. Later, Dibsa and Aquamar moved this court to relinquish jurisdiction to permit the trial court to "determine whether sanctions (including striking DuPont's pleadings) should be imposed upon DuPont for discovery violations." Dibsa and Aquamar told this court that the sanctions should "includ[e] the possibility of vacating the Plaintiff's judgment[s] in order to strike DuPont's pleadings and retry the cases on damages alone." Dibsa and Aquamar also asked this court to withhold "the issuance of any opinion in either [Dibsa or Aquamar to] allow the trial court to address the prejudice of DuPont's discovery violations on the already completed trials, and consider an appropriate remedy." This court denied both motions. After the trial court entered an order in other Benlate cases finding that the plaintiffs were entitled to sanctions for discovery violations, Dibsa and Aquamar filed renewed motions to relinquish jurisdiction, which we also denied.
Ultimately, this court reversed both the Aquamar and Dibsa judgments. See E.I. DuPont De Nemours & Co. v. Desarrollo Indus. Bioacuatico, S.A., 857 So.2d 925 (Fla. 4th DCA 2003), review denied, 869 So.2d 538 (Fla.2004); E.I. DuPont de Nemours & Co. v. Aquamar S.A., 881 So.2d 1 (Fla. 4th DCA 2004), cert. denied, 543 U.S. 1177, 125 S.Ct. 1335, 161 L.Ed.2d 162 (2005). The mandate in Dibsa issued on December 5, 2003; the mandate in Aquamar issued on October 4, 2004. The circuit court entered final judgments on February 11, 2005 in both cases consistent with this court's mandate.
Shortly after the Aquamar decision, on October 19, 2004, Dibsa and Aquamar each filed a motion for relief from judgment under Rule 1.540(b)(2), based on essentially the same facts that formed the *524 basis for their motions for sanctions previously filed in the trial court. The timeliness of these motions is at issue in this appeal.
The circuit court denied appellants' Rule 1.540(b) motions as untimely, because they had not been filed within one year of the entry of the original, 2001 final judgments.
A basic principle under the rules of civil procedure is that litigation must be brought to an end. "The doctrine of decisional finality provides that there must be a `terminal point in every proceeding . . . at which the parties and the public may rely on a decision as being final and dispositive of the rights and issues involved therein.'" Fla. Power Corp. v. Garcia, 780 So.2d 34, 44 (Fla.2001) (citing Austin Tupler Trucking Inc. v. Hawkins, 377 So.2d 679, 681 (Fla.1979)).
As an exception to the rule of finality, Rule 1.540(b) gives the trial court jurisdiction to relieve a party from a final judgment in a narrow range of circumstances. See Bane v. Bane, 775 So.2d 938, 941 (Fla.2000); see also Abram v. Wolicki, 864 So.2d 18, 20 (Fla. 4th DCA 2003) (stating that rule 1.540(b) provides relief from judgment only "under a limited set of circumstances"); Am. Fire & Cas. Co. v. Dawson, 400 So.2d 849, 849 n. 1 (Fla. 2d DCA 1981) (holding that an order is final unless it falls strictly under an exception in 1.540(b)). Like its counterpart, Federal Rule 60,[1] Rule 1.540(b) allows a court "to strike the proper balance between two often conflicting principlesthat litigation must be brought to a final close and that justice must be done." Federal Practice and Procedure, Civil Rules, 2006 Quick Reference Guide, Commentary on Rule 60, p. 939; see Kippy Corp. v. Colburn, 177 So.2d 193, 196 (Fla.1965); Pruitt v. Brock, 437 So.2d 768, 772 (Fla. 1st DCA 1983).
Rule 1.540(b) provides that "the court may relieve a party . . . from a final judgment" and, for the grounds at issue in this case, "[t]he motion shall be filed within a reasonable time and . . . not more than 1 year after the judgment . . . was entered." Generally, the time for filing Rule 1.540(b)(2) and (b)(3) motions begins to run from entry of a final judgment, not from resolution of an appeal from judgment. See In re Guardianship of Schiavo, 792 So.2d 551, 558 (Fla. 2d DCA 2001); see also Marco Tech. Corp. v. Reynolds, 520 So.2d 63, 65 (Fla. 4th DCA 1988). The pendency of an appeal does not extend the one-year limit for filing a Rule 1.540(b) motion. See, e.g., Weiss v. Berkett, 907 So.2d 1181, 1183 (Fla. 3d DCA 2005); Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 n. 1 (Fla. 4th DCA 1994).
Like the parties, we have found no Florida case factually on point, where a party *525 that obtained a favorable judgment in the trial court discovered the grounds to set it aside while the judgment was on appeal. We therefore look to federal law under Rule 60. Identical to Florida, federal precedent holds that "the pendency of an appeal does not extend the one-year limit" for filing a Rule 60 motion. Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE (2d ed. 1995) § 2866, n. 17. However, "if the appeal should result in a substantive change in the judgment," the time [for filing a Rule 60] motion would run from the entry of the new judgment entered on mandate of the appellate court." Id.; see Berwick Grain Co. v. Illinois Dept. of Agric., 189 F.3d 556, 559 (7th Cir.1999) (wherein the court indicated that it was "willing to assume that, with respect to Rule 60(b)(1), a new, one-year period is triggered by an appellate ruling that substantially alters a district court's judgment"); Gegenheimer v. Galan, 920 F.2d 307, 310 (5th Cir.1991). A "substantive change" in a judgment occurs when the appellate court "`has disturbed or revised legal rights and obligations which, by [the] prior judgment, had been plainly and properly settled with finality.'" Simon v. Navon, 116 F.3d 1, 3 (1st Cir.1997) (quoting FTC v. Minn.-Honeywell Regulator Co., 344 U.S. 206, 212, 73 S.Ct. 245, 97 L.Ed. 245 (1952)).
Without delineating the parameters of a "substantive change" in a judgment on appeal, we can say that such a change occurred here. The appeals effected the most substantive of changes in the Dibsa and Aquamar judgmentsit reversed them and directed that judgments be entered in favor of DuPont. The time for appellants to file their Rule 1.540(b) motions thus ran from February 11, 2005, the date the new judgments were entered in compliance with this court's mandates. The Rule 1.540(b) motions were therefore timely filed. This result is consistent with the language of the rulethe "judgments" from which appellants sought relief were those entered after DuPont's successful appeals.
We reverse the circuit court's order denying the Rule 1.540(b) motions for untimeliness. Nothing in this opinion forecloses the trial court from considering the motions on their merits or ruling on whether the motions were brought within a "reasonable time" within the meaning of the rule.
Reversed and Remanded.
HAZOURI, J., and MAASS, ELIZABETH T., Associate Judge, concur.
NOTES
[1] Federal Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
The federal rule is substantially the same as Rule 1.540(b).